## Commonwealth v. Putch

*Edmund W. Arthur*, for plaintiff; *Harold C. Lowe*, for defendant.

MUSMANNO, J., October 22, 1932.—When the owner of an automobile knows that his car, in which he is riding, has struck a dog, even though he is not driv-

ing, and he makes no effort to have the car stopped to give aid to the suffering beast, he is guilty of the offense charged under the Act of March 29, 1869, P. L. 22, which provides:

"Any person who shall . . . wantonly or cruelly ill-treat . . . or otherwise abuse any animal . . . and every person who shall encourage, aid or assist therein, . . ." shall be subject to fine or imprisonment.

Such a person certainly wantonly and cruelly abuses an animal in a common-sense and humane interpretation of the act. Ill-treatment and abuse does not need to be active; it may be passive. It does not need to be the commission of an act; it may be the omission to do what the circumstances require.

In the case at bar the evidence shows that on May 2, 1932, in the early evening, the defendant, Samuel F. Putch, in his own car driven by an employe, was proceeding eastward along California Avenue between Whitmer Street and Benton Avenue, traveling on the right-hand side of the street between car track and curb, when a large collie dog belonging to J. W. Connolly, of No. 3911 California Avenue, came upon the street in full view of the driver of the automobile and some distance ahead. The wheel or some other part of the right front of the car struck the dog on its left flank, knocking it to the ground, and in its effort to escape or being thrown about by reason of the force of the collision, it fell upon the street and the car proceeding ran over its tail. Two witnesses, one upon a lawn abutting the scene of the accident and just across the sidewalk from the car and the other upon an adjoining lawn, hearing the cries, endeavored with call and gesture to halt the car of the defendant, but without avail. It passed on, leaving the dog lying at the curb, nor did the defendant or his driver offer any assistance or call to evidence any interest in their victim. The dog was carried into the house by the owner, where it lay about for several days, when it was taken to a veterinary, who pronounced its injuries such that it should be put out of its misery, and, under instructions from the owner, he ended its life humanely.

The evidence shows that the injured animal cried out so loudly as to be heard within one of the neighboring houses; that after striking the dog the driver slowed up his car, hesitated, turned to one side and went on; and that at least two neighbors, one opposite the car and but a few feet distant across the sidewalk, called and gestured in an effort to halt the car, and all this on the side of the car on which defendant sat in the front seat.

We do not know as a positive fact whether the defendant heard and saw what transpired at the time the poor beast was injured, but common experience would establish that he could not avoid knowing what had taken place.

We cannot find the defendant guilty, however, because the information is defective. It charges that on May 2, 1932, the defendant, "after having struck a female collie dog with a certain automobile on a public highway in the said City of Pittsburgh, to wit, California avenue near residence number 3911, did then and there wilfully and unlawfully fail and neglect to stop and render assistance, said dog being the property of a certain W. J. Connolly and the said defendant was operating the said machine on a public highway in the said city in a reckless and careless manner and at an excessive rate of speed."

The evidence clearly shows that it was not the defendant who was driving the car, and the Commonwealth admits this. With the record in the shape that it is, the summary conviction rendered by the alderman must be reversed and the defendant discharged.

From William J. Aiken, Pittsburgh, Pa.